**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID JACKSON,

        Plaintiff - Appellant,

v.

JAMES J. PETERS, District Attorney
of 18th Judicial District Family
Support Division of Arapahoe County;
ROBERT J. RUSSELL, Judge for the
18th District Court of Arapahoe
County of Colorado; KEN SALAZAR,
State Attorney General of the State of
Colorado; MARVA LIVINGSTON
HAMMONS, Controlling Officer of
the State of Colorado Child Support;
ELIZABETH D. LEITH, Denver
District Court Magistrate for the State
of Colorado Second Judicial District;
LEROY H. PETRIE, Magistrate for
the County Court, Arapahoe County,
State of Colorado,

        Defendants - Appellees.

No. 03-1141

(D. Colorado)

(D.C. No. 02-N-922)

---

**ORDER AND JUDGMENT** *

---

    *This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **TACHA** , Chief Judge, and **ANDERSON** and **BRORBY** , Senior Circuit
Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Mr. David Jackson, a former U.S. Department of Commerce employee,

filed suit, pro se, in federal district court, challenging a state court-ordered

garnishment for child support.  In his amended complaint, Mr. Jackson claimed

that the funds garnished from his federal employer included a travel

reimbursement, in violation of the federal law regulating garnishment of federal

employees' wages. [1]  See 42 U.S.C. § 659; 5 C.F.R. § 581.104.  The complaint

invoked federal jurisdiction on the basis of this alleged violation and listed the

following State of Colorado officials as defendants in their official capacities:

James J. Peters, District Attorney of Colorado's 18th judicial district; Robert H.

_____

[1]In subsequent submissions, Mr. Jackson has alleged that the garnishment
of the travel reimbursement made him unable to pay the charges on his
government credit card.  He states that, as a result, a collection agency has
initiated a collection against him, and his government employer first prohibited
him from undertaking further job-related travel and then dismissed him from his
employment.

-2-

Russell II, District Court Judge for Colorado's 18th judicial district; Ken Salazar, Colorado Attorney General; Marva Livingston Hammons, Executive Director of the Colorado Department of Human Services; Elizabeth D. Leigh, Magistrate Judge for Colorado's 2nd judicial district; and Leroy Petrie, Magistrate Judge for the county court of Arapahoe County.

According to Mr. Jackson's complaint, the State of Colorado and the agencies which these defendants represented had, in the course of divorce and child support proceedings involving Mr. Jackson and his ex-wife, and through the "illegal and excessive garnishment," violated Mr. Jackson's rights to due process of law, to equal protection, and to seek redress from the courts.

Specifically, in addition to the federal statutory violation, Mr. Jackson alleged that the 1987 divorce decree, on which the 1994 state court child support orders were based, was invalid because Mr. Jackson and his wife resumed living together in a marital relationship after 1987. Mr. Jackson claimed that the birth certificates of the two additional children that they had in 1989 and 1995 indicated that he and his wife were married at the time of the births. In addition, according to Mr. Jackson, his wife's lawyer falsely told the state court in 1994 that Mr. Jackson had stipulated to the 1987 decree, and the court refused to correct this error even after his wife's lawyer wrote to the court to correct it. Moreover, Mr. Jackson stated that he was never notified of the resulting 1994

child support order. For all these reasons, Mr. Jackson claimed that the Colorado courts lacked personal jurisdiction over him and therefore had no authority to garnish his wages in order to enforce the child support order.

The defendants moved to dismiss Mr. Jackson's amended complaint for lack of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, under Fed. R. Civ. P. 12(b)(6). The district court asked a federal magistrate judge to conduct a hearing and submit proposed recommendations on the defendants' motions.

In the hearing before the magistrate judge, Mr. Jackson indicated that he was continuing to pursue some of his claims in state court and that his primary concern in federal court was the alleged illegal garnishment. In response to the judge's questioning, Mr. Jackson indicated his understanding that the U.S. Treasury Department had taken the funds that his employer, the Commerce Department, had issued as a reimbursement in response to the order of Colorado's child support enforcement services. According to Mr. Jackson, his employer's personnel department was unable to correct the illegal garnishment because it had already paid him the reimbursement, thus fulfilling its obligation to him, and the Treasury Department was unable to correct it because that department was acting under the state child support enforcement office's order.

In his recommendation, the magistrate judge construed Mr. Jackson's complaint as asserting a claim under 42 U.S.C. § 1983 that the garnishment violated the Due Process and Equal Protection Clauses. He suggested that Mr. Jackson's suit in federal court was barred for the following reasons: under the Rooker -Feldman [2] doctrine, the district court had no subject matter jurisdiction to review Colorado state court proceedings involving Mr. Jackson's divorce and child support obligations; the Eleventh Amendment bars suits for money damages in federal court against state officials in their official capacities; Mr. Jackson had not met his burden of showing that he was entitled to a preliminary injunction preventing further garnishments; the judicial defendants were entitled to absolute judicial immunity against money damage claims; the state defendants were entitled to qualified immunity because Mr. Jackson had failed to show with particularity that the state defendants had violated a clearly established federal constitutional or statutory right; the two-year statute of limitations for actions brought in Colorado under 42 U.S.C. § 1983 had run because Mr. Jackson knew in 1994 about the allegedly fraudulent stipulation to the divorce decree that underlay his challenge to the child support order, he knew in 1998 about the child support order, and he knew by 2000 that garnishment proceedings had been

_____

[2]District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

initiated against him; and Mr. Jackson had failed to claim that the defendants personally participated in the alleged constitutional violations, as required for § 1983 claims. The magistrate judge therefore recommended that the district court grant the dismissal.

The district court, reviewing de novo the issues, the record, the magistrate's recommendation, and Mr. Jackson's objections to the recommendation, concluded that Mr. Jackson was essentially attempting to re-litigate the issues that had been decided against him in state court, and that Mr. Jackson should have raised the argument regarding the inappropriate garnishment in the state court proceedings. The judge thus accepted the magistrate's recommendation and dismissed the case. Mr. Jackson appealed, arguing that he was not merely seeking a retrial of the state court proceedings but was trying to "get[] to the root causes of why travel reimbursement funds were taken and how to prevent future actions," and that the state courts' use of an incorrect case number, resulting in their refusal to hear his arguments regarding the illegal garnishment of his travel reimbursement, violated his constitutional rights. Appellant's Br. at 1.

"We review the dismissal of a complaint on its face under Rule 12(b)(1) or 12(b)(6) de novo, applying the same standard as the district court. We accept the complaint's factual allegations as true and ask whether the complaint, standing

alone, is legally sufficient to state a claim for relief." Wyoming v. United States, 279 F.3d 1214, 1222 (10th Cir. 2002).

Having thoroughly reviewed the record before us and Mr. Jackson's arguments in his appeal briefs, we conclude that Mr. Jackson's complaint was correctly dismissed, for substantially the same reasons set forth in the magistrate judge's recommendation, amplified as follows:

It appears that Mr. Jackson's challenge to the garnishment rests on two prongs, first that the state court proceedings authorizing the garnishment are unconstitutional, and second that the garnishment of a federal employee's travel reimbursement violates a federal statute and its implementing regulation.

To the extent that Mr. Jackson is alleging that the Colorado courts' actions are unconstitutional, federal district courts have no jurisdiction to make that determination with respect to matters of the type complained of here. Under the Rooker-Feldman doctrine, federal district courts "'do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme] Court.'" Johnson v. Rodrigues (Orozco), 226 F.3d 1103, 1108 (10th Cir. 2000) (quoting Feldman, 460 U.S. at 498). The doctrine "prohibits a lower federal court from considering claims actually decided by a state court and claims

inextricably intertwined with a prior state-court judgment." Kenmen Eng'g v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002) (internal quotation marks and citation omitted). Mr. Jackson's claims regarding defective and unconstitutional procedures in the Colorado state court proceedings are inextricably intertwined with the state courts' judgments regarding Mr. Jackson's divorce and child support obligations. If Mr. Jackson wishes to pursue these claims, therefore, he must do so in the Colorado state courts, if the applicable statute of limitations permits, and, if unable to obtain relief there, he may seek review by the United States Supreme Court.

To the extent that Mr. Jackson is seeking to recover what he claims was a travel reimbursement garnished in violation of 42 U.S.C. § 659 and 5 C.F.R. § 581.104, his amended complaint does not allege that these defendants bear any responsibility for ensuring that garnishment orders comply with these provisions, or that they failed to fulfill such a responsibility. Moreover, the provisions themselves suggest that the federal employees in charge of disbursing payments in response to state child support orders are responsible for making the payment "in accordance with [the statute] and the regulations issued to carry out [the statute]." 42 U.S.C. § 659(f)(1). It may be, therefore, that Mr. Jackson is seeking relief for the alleged illegal garnishment of his travel reimbursement from the wrong people.

Mr. Jackson argues on appeal that the Arapahoe County child support enforcement agency is responsible for wrongly garnishing his travel reimbursement. In his response in district court to the defendants' motion to dismiss, Mr. Jackson claimed that Marva Livingston Hammons' office (the Department of Human Services, which presumably is in charge of enforcing child support orders) "failed to properly train technicians in garnishment actions and Due Process procedures." R. Vol. 1, tab 12, at 4. However, even if Mr. Jackson has a basis for alleging that one or more of these state defendants are responsible, he may not seek compensation from them in federal court because, as the magistrate judge explained, they are immune under the Eleventh Amendment from a federal suit seeking money damages. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-102 (1984) (explaining that the Eleventh Amendment bars suits in federal court for damages against states, state agencies, and state officials in their official capacities unless the state unequivocally waives its immunity or Congress expressly abrogates the immunity by creating a statutory cause of action). As the district court noted, Mr. Jackson may raise the issue of the alleged federal statutory violation by the Colorado Department of Human Services and other relevant state authorities in state court.

It appears from the record in this case that Mr. Jackson has endured repeated frustrations in his efforts to engage the legal system on both the state and

federal levels. Unfortunately, we are unable to offer him recourse in this appeal.

For the foregoing reasons, the district court's dismissal of Mr. Jackson's amended complaint is AFFIRMED. Mr. Jackson's motion for an emergency injunction is DENIED; his motion for a writ of prohibition is denied; his motion to supplement the record on appeal is DENIED; his submissions of a supplemental brief and supplemental reply brief, construed as motions to submit those briefs, are GRANTED; and all other motions are DENIED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge