FILED
United States Court of Appeals
Tenth Circuit

August 4, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID ZIVKOVIC,

     Plaintiff - Appellant,

v.

KIMBERLY HOOD; ROBERT
JOHNSON,

     Defendants - Appellees.

Nos. 17-4052 & 17-4072
(D.C. No. 2:17-CV-00067-DN-PMW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

In 1995, Mr. David Zivkovic was convicted of a second-degree

felony theft in Utah state court and ordered to pay restitution. To aid

collection of the restitution, the State of Utah garnished Mr. Zivkovic's tax

returns. Mr. Zivkovic challenged the garnishment and moved for a

_____

[*]     We conclude that oral argument would not materially help us to
decide this appeal. As a result, we are deciding the appeal based on the
briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

preliminary injunction to prevent garnishment of his 2016 tax refund. The district court denied the motion and dismissed the action for lack of jurisdiction under the *Rooker-Feldman* doctrine.

Mr. Zivkovic has filed two appeals (Appeal No. 17-4052 and No. 17-4072) for (1) denial of the preliminary injunction and (2) dismissal of the action. We affirm both rulings.

## I.     Consideration of Subject-Matter Jurisdiction

The district court must always ensure its own subject-matter jurisdiction regardless of whether it has been addressed by the parties. *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). If the district court lacks subject-matter jurisdiction, dismissal is required. *See PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (stating that the *Rooker-Feldman* doctrine involves subject-matter jurisdiction); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (*sua sponte* consideration of requirements that involve subject-matter jurisdiction).[1]

---

[1]     The district court ruled that Mr. Zivkovic could appear *in forma pauperis*. Based on this ruling, the district court screened the complaint under the Prison Litigation Reform Act. This Act allows the district court to dismiss a complaint for failure to state a valid claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Zivkovic argues that the district court waited too long to screen the complaint for failure to state a valid claim. But we need not address this argument because the *Rooker-Feldman* doctrine implicates subject-matter jurisdiction rather than failure to state a valid claim. The district court can always address subject-matter jurisdiction *sua sponte*. Fed. R.

## II. The district court lacked subject-matter jurisdiction over Mr. Zivkovic's complaint.

Under the *Rooker-Feldman* doctrine, the federal district court lacks "authority to review final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). Under this doctrine, the federal district court lacked jurisdiction.

There are two possible ways of interpreting the complaint: (1) as an attack on the state-court judgment giving rise to the restitution obligation or (2) as an attack on the state-court order authorizing the garnishment. Under either interpretation, Mr. Zivkovic would be seeking review in federal district court over a state-court order. Such review is impermissible under the *Rooker-Feldman* doctrine.[2]

Because the district court lacked subject-matter jurisdiction, the dismissal was correct. In light of the correctness of that dismissal, Mr. Zivkovic's challenge to the preliminary injunction is moot. *Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1168 (10th Cir. 1999) (stating

---

Civ. P. 12(h)(3); *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).

[2] In unpublished opinions, we have held that the *Rooker-Feldman* doctrine prevents district courts from considering challenges to state-court garnishments. *Chavez v. Cty. of Boulder*, 149 F. App'x 713 (10th Cir. 2003); *Jackson v. Peters*, 81 F. App'x 282, 285 (10th Cir. 2003). These opinions are not precedential, but we regard them as persuasive. *See* note *, above.

that affirmance of a dismissal, based on the absence of federal jurisdiction, renders moot an appeal over the denial of a preliminary injunction).

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge